**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**MICHERLINE MONCHER #A221-041-613**     **CASE NO.  3:26-CV-01316 SEC P**

**VERSUS**                              **JUDGE ROBERT R. SUMMERHAYS**

**LIZA BOWEN**                          **MAGISTRATE JUDGE HORNSBY**

## ORDER

Before the Court is a Motion to Stay Order of Removal [ECF No. 3] filed by *pro se* Petitioner Micherline Moncher. Pursuant to her motion, Petitioner seeks an order prohibiting her removal during the pendency of her habeas proceedings.[1] The Court construes Petitioner's request for a stay as a motion for a temporary restraining order. Petitioner asserts that she has appealed "the U.S. Immigration and Customs Enforcement['s] refusal to release [her] from immigration detention" to the Board of Immigration Appeals ("BIA"), and that her appeal is pending at this time.[2] Having reviewed the filings, the docket in this case, and the relevant law, the Court finds that Petitioner has not made the requisite showings for the issuance of a temporary restraining order and therefore DENIES the motion.

Temporary restraining orders are "extraordinary relief and rarely issued."[3] Federal Rule of Civil Procedure 65 governs injunctions and restraining orders. Here, Petitioner does not specify whether she seeks an *ex parte* temporary restraining order or whether she provided notice to Respondent. Therefore, the Court considers both avenues in turn.

---

[1] In her habeas petition, Petitioner seeks "release under the framework of *Zadvydas*," arguing her prolonged detention violates the Due Process clause of the Fifth Amendment to the U.S. Constitution. ECF No. 1-2 at 2, 5 (citing *Zadvydas v. Davis*, 533 U.S. 678 (2001)).

[2] ECF No. 1 at 2.

[3] *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999).

If Petitioner is requesting that the Court grant an *ex parte* temporary restraining order, she does not satisfy Rule 65(b)(1), which provides that a Court can issue an *ex parte* temporary restraining order without notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage, will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.[4]

Petitioner fails to certify in writing any of the efforts made to give notice to Respondent. Petitioner has not shown that Respondent has notice of the emergency relief she requests, and she fails to explain why such notice should not be required. Accordingly, Petitioner is not entitled to an *ex parte* temporary restraining order.

Even if Petitioner satisfied Rule 65(b) or is not seeking *ex parte* relief, she also fails to show that a temporary restraining order is warranted on the merits. For a district court to grant a request for a temporary restraining order, Petitioner must show: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest."[5] When considering the degree of threat that the movant faces, a presently existing actual threat must be shown.[6] The Court cannot grant a request for injunctive relief "to prevent the possibility of some remote future injury."[7] Here, Petitioner's Motion to Stay Order of Removal states merely that Petitioner would "love to remain in this jurisdiction where [her] habeas petition is" while her

---

[4] FED. R. CIV. P. 65(b)(1).
[5] *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014); *see also Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018).
[6] *United States v. Emerson*, 270 F.3d 203, 262 (5th Cir. 2001).
[7] *Id.*

habeas petition is adjudicated.[8] The conclusory one-page filing fails to satisfy any of the elements required for the issuance of a temporary restraining order. Accordingly, the Motion to Stay Order of Removal [ECF No. 3] is DENIED.

THUS DONE in Chambers on this 28th day of April, 2026.

_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[8] ECF No. 3.